IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STERLING PETTWAY,     *
       Petitioner,

                                        *

v.                                     CIVIL ACTION NO. AW-05-1960

                                        *

STEPHEN DEWALT, WARDEN,
       Respondent.     *
******

**<u>MEMORANDUM</u>**

Petitioner, an inmate confined at the Federal Correctional Institution in Cumberland, Maryland, filed the above referenced case pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' method of computing good time credits. Paper No. 1. Petitioner contends that under 18 U.S.C. § 3624(b) he is entitled to earn 54 days of good time credits per year of the sentence imposed. The Bureau of Prisons (BOP), however, awards good time credits based on the amount of time actually served by each inmate, rather than on the basis of the total term of imprisonment imposed. Under the BOP's method of computation, Petitioner alleges that he receives fewer good time credits than Congress intended. *Id*.

The "good time credit" statute, 18 U.S.C. § 3624(b) provides, in pertinent part, as follows:

(b) Credit toward service of sentence for satisfactory behavior.

(1) Subject to paragraph (2), a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit

>toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree.  Credit that has not been earned may not later be granted.  Subject to paragraph (2), credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.
>
>(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

(Emphasis added).

The BOP has promulgated a rule and program statement reflecting its interpretation of the statute: "[pursuant to 18 U.S.C. §§ 3624(b) ... an inmate earns 54 days credit toward service of sentence (good conduct time credit) *for each year served.*" 28 C.F.R. §§ 523.20 (emphasis added). The Fourth Circuit has recently spoken on this issue. *Yi v. Brooks*, ___F.3d ____, 2005 WL 1413897(4th Cir. June 17, 2005).    In *Yi*, the Fourth Circuit joined all other appellate courts that have ruled on this issue in upholding the method used by the BOP to award good time credits.  *Id.*; *see also White v. Scribana* 390 F.3d 997, 1002-03 (7th Cir. Dec. 2, 2004);  *Pacheco-Camacho v. Hood*, 272 F. 3d 1266, 1268-69  (9th Cir. 2001);  *Brown v. Heminginway*, 53 Fed. Appx. 338, 339,  2002 WL 3185147 (6th Cir. 2002) (unpublished decision); *Williams v. Lammana*, 20 Fed Appx. 360, 361, 2001 WL 11306069 (6th Cir. 2001) (unpublished decision).   The *Yi* Court found § 3624(b) to be ambiguous and deferred to the BOP's interpretation of the

statute pursuant to *Chevron U.S.A., Inc. v. Natural Res. Def. Counsil, Inc*. 467 U.S. 837, 842 (1984).  In light of the foregoing, Petitioner is not entitled to the computation of good time credits he seeks and his Petition shall be dismissed.

     A separate Order follows.


 July 28, 2005                                                                /s/
Date                                                                     Alexander Williams, Jr.
                                                                         United States District Judge